United States District Court
Southern District of Texas
**ENTERED**
November 01, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| R. WAYNE JOHNSON, § § Plaintiff, § VS. § U.S. DEPARTMENT OF VETERANS § AFFAIRS, *et al.*, § § Defendants. § | CIVIL ACTION NO. 5:18-CV-39 |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss (Dkt. No. 7), which argues that Plaintiff is a three-strikes litigant and barred from proceeding with this suit under 28 U.S.C. § 1915(g). For the following reasons, Defendants' Motion is **DENIED**.

### I. BACKGROUND

Plaintiff, an inmate at the Texas Department of Criminal Justice Clements Unit in Amarillo, Texas, originally filed this action in the 341st Judicial District Court of Webb County, Texas. (Dkt. No. 1 at 1, 8, 18). The state-court petition claims that Defendants, a federal agency and its officers, violated Plaintiff's privacy rights by using his "Veteran's SSI#" without his permission; he demands $20,000,000.00 in damages. (*Id.* at 9, 12).

Defendants timely removed to this Court under 28 U.S.C. § 1442(a)(1). (*Id.* at 2–4). They subsequently filed the instant Motion to Dismiss, arguing that Plaintiff is barred from proceeding with this suit under the three-strikes rule in the Prison Litigation Reform Act (PLRA) of 1995. (Dkt. Nos. 1 at 2–4; 7).

### II. LEGAL STANDARDS

"Ordinarily, a federal litigant who is too poor to pay court fees may proceed *in forma pauperis*[, which] means that the litigant may commence a civil action without prepaying

fees or paying certain expenses." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915). But to disincentivize abuse of IFP-status by prisoners filing frivolous suits, Congress enacted the PLRA, which includes "several measures 'designed to prevent sportive filings in federal court.'" *Woodson v. McCollum*, 875 F.3d 1304, 1305–06 (10th Cir. 2017) (quoting *Skinner v. Switzer*, 562 U.S. 521, 535 (2011)). One such provision is the three-strikes rule codified at § 1915(g):

> [The] "three strikes" provision prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and he or she "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

*Coleman*, 135 S. Ct. at 1761 (alteration in original) (quoting 28 U.S.C. § 1915(g)).

III. ANALYSIS

Defendants assert that Plaintiff has previously sustained six strikes under § 1915(g), and that his current complaint must therefore be dismissed under that provision. (Dkt. No. 7 at 7). But § 1915(g) only provides that "[i]n no event shall a prisoner *bring* a civil action . . . *under this section*" if they have already accumulated three strikes. 28 U.S.C. § 1915(g) (emphasis added). That language does not indefinitely close the federal courthouse's doors to any person, even one with a history of bringing frivolous suits. It merely prevents such litigants from bringing suit without paying the filing fee. *See Woodson*, 875 F.3d at 1306. Because Plaintiff brought this suit in state court, and Defendants paid the filing fee when they removed to federal court, § 1915(g) does not provide a basis for dismissal. *See id.* ("[A] prisoner certainly does not bring an action 'under this section' when he does not seek to proceed IFP under § 1915." (quoting 28 U.S.C. § 1915(g))); *Harris v. Mangum*, 863 F.3d 1133, 1141 (9th Cir. 2017) ("When a defendant

2

removes a case from state to federal court, it cannot be said that a prisoner-plaintiff was the one who brought the case in federal court.").

Unable to anchor their argument for dismissal to the statute's text, Defendants only cite a district court case for the proposition that § 1915 requires dismissal of a three-strikes plaintiff's suit even if it was initially brought in state court. (Dkt. No. 7 at 6 (citing *Hale v. Livingston*, Civil No. 7:16-CV-019-O, 2016 WL 9448705 (N.D. Tex. June 24, 2016), *vacated*, 690 F. App'x 247 (5th Cir. 2017)). In *Hale*, a three-strikes plaintiff's suit was in the same procedural posture as the present case. *Id.* at *1. The district court dismissed the case under § 1915(g) because it concluded that "[t]o hold otherwise would allow Plaintiff to make an end-run around the federal statutory requirements of the PLRA and would be contrary to one of the primary goals of the PLRA[,] which is to reduce the number of frivolous lawsuits filed by inmates." *Hale*, 2016 WL 9448705, at *2 (citations omitted). Even putting aside that this argument is wholly divorced from the language of § 1915(g), it mistakes the purpose of that provision.

As the Tenth Circuit recently explained, "[t]he three-strikes rule is [meant] to deter prisoners from filing meritless lawsuits in *federal* court." *Woodson*, 875 F.3d at 1307 (citing *Skinner*, 562 U.S. at 535). It is not offended when a defendant pursues a claim IFP in state court because a "state is free to set less stringent constraints on prisoner litigation." *Id.* (first citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314–15 (3d Cir. 2001); then citing *Wilson v. Yaklich*, 148 F.3d 596, 605 (6th Cir. 1998)). And it was not Plaintiff who sought the federal forum in this case; it was Defendants. Section 1915(g), therefore, does not provide a basis to dismiss Plaintiff's suit.

## IV. CONCLUSION

Defendants' Motion to Dismiss (Dkt. No. 7) is hereby **DENIED**. The Court has

3

taken note, however, of Defendants' assertion that Plaintiff's complaint is "rambling, difficult to comprehend, and appears frivolous." (Dkt. No. 7 at 2). If Defendants wish to raise such arguments in a manner that the Court is positioned to resolve, they must do so no later than Friday, November 30, 2018. They must also respond to Plaintiff's outstanding motions (Dkt. Nos. 2, 5, 8, 9, 10, 14) by that date.

It is so **ORDERED**.

**SIGNED** October 31, 2018

Marina Garcia Marmolejo
United States District Judge

4